IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZEPUR KARKAZIAN,<br><br>　　　　Defendant. | 1:12-CV-1968 AWI BAM<br><br>ORDER REMANDING ACTION TO THE FRESNO COUNTY SUPERIOR COURT |

　　　　Defendant Zepur Karkazian, who is proceeding pro se, removed this case from the Superior Court of Fresno County on December 3, 2012.  See Court's Docket Doc. No. 1. Defendant asserts that the basis for removal is the presence of a federal question.  Specifically, Defendant contends that his discovery requests for Plaintiff to produce the "the original blue ink promissory note" somehow creates a federal question.  See id.

　　　　A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."  United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction.  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party

asserting jurisdiction.  Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance."  Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566.  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary."  Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion."  Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485.  Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014.  "It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law."  Vaden v. Discover Bank, 129 S. Ct. 1262, 1278 (2009).

Here, Defendant has not shown that removal was appropriate.  The complaint filed by Plaintiff is an unlawful detainer action that is based entirely on California law.  There is no federal cause of action pled, and there is no federal question on the face of the complaint.  The discovery request to produce the original promissory note does not create federal question

jurisdiction.  See Federal Nat'l Mortg. Ass'n v. Rhoades, 2011 U.S. Dist. LEXIS 93464, *3-*4 (S.D. Cal. Aug. 18, 2011) (holding that no federal question jurisdiction based on a discovery request to produce an original promissory note); cf. Vaden, 129 S. Ct. at 1278.   Because there is no federal question appearing in Plaintiff's complaint, Defendant has failed to invoke this Court's subject matter jurisdiction.  Remand to the Fresno County Superior Court is appropriate and mandatory.  28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of Fresno County.

IT IS SO ORDERED.

Dated:    December 6, 2012

UNITED STATES DISTRICT JUDGE

3